Reese, J.
delivered the opinion of the court.
This is a bill filed for an injunction, and to have the costs correctly taxed in an action of ejectment between complainant and others finally determined in the supreme court at Nashville, upon an appeal in error from the circuit court for White county, where it had been for a considerable time depending. While it was so depending in the last named court, several *170 continuances took place at the instance of the complainant, •which were granted on the condition of his paying the costs of the term, and judgments were rendered against him for such costs. These costs, the bill alledges, were paid, but the clerk of the circuit court for White county blended the taxation of them with the costs of the principal judgment, and sent them all up together as unpaid to the supreme court in the final transcript from his court. The answers of the defendants, who were litigant with the complainant in the action of ejectment, admit the payment of the costs of those incidental judgments, but deny that they were sent up as unpaid in the transcript of the principal cause. The answer of the clerk of the circuit court of White county admits the payment, and also that they were sent up as unpaid. The chancellor dismissed the bill on the ground, that the subject matter of it gave to a court of chancery no jurisdiction. And in this he was right. There was a clear remedy at law. It was the mere blunder of a clerk. 'The parties litigant with the complainant were free from fault or fraud. The incidental judgments rendered, were as distinct as if they had taken place in another controversy. Once rendered, they were necessarily final, not contingent upon the result of the principal cause. If unsatisfied, they would remain in the circuit court for White county for execution, they would not go up to the supreme court by virtue of the appeal. The circuit court had ample power, while the cause was in that court, to separate the costs of the incidental, from those of the principal judgment; and the supreme court, if this foreign matter were interpolated into the taxation of costs in that court, would be fully able to remove it. They could order a retaxation, and to this end, they could, if necessary, award a supersedeas. There is nothing in the answers, in such a case as this, to invest the court with jurisdiction, upon the ground that its exercise has not been repelled. As to the more general ground for repelling the jurisdiction arising from the subject matter of this controversy, and founded on reasons of public convenience and the organization of our courts, wo refer to the case of Whitesides vs. Rayle, determined here a few days since. We affirm the decree.